IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 22, 2005

## SIMON AVALOS VILLAGOMEZ v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2003-C-1874    J. Randall Wyatt, Jr., Judge**

---

**No. M2004-03064-CCA-R3-PC - Filed February 17, 2006**

---

The Appellant, Simon Avalos Villagomez, appeals the Davidson County Criminal Court's denial of his petition for post-conviction relief. On appeal, Villagomez argues that his guilty plea for felony possession of seventy pounds or more of marijuana for resale was not knowing and voluntary due to the ineffective assistance of counsel. After review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Ronald E. Munkeboe, Jr., Nashville, Tennessee, for the Appellant, Simon Avalos Villagomez.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural Background**

In July of 2003, the Appellant was indicted for two counts of the sale of marijuana, Class E felonies, one count of felony possession of a weapon, a Class E felony, and one count of felony possession of seventy pounds or more of marijuana with intent to sell in a Drug-Free School Zone. On December 16, 2003, the Appellant pled guilty to possession of seventy pounds or more of marijuana for resale, a Class B felony, and received a nine-year sentence. The remaining counts were dismissed.[1] The Appellant filed a *pro se* petition for post-conviction relief on May 13, 2004, alleging that he had been denied the effective assistance of counsel. Following the appointment of

---

[1]The transcript of the guilty plea hearing, the plea agreement, and the judgment of conviction are not included in the record.

counsel, an amended petition was filed, and an evidentiary hearing was held on November 22, 2004. The post-conviction court denied relief by written order of November 30, 2004. This appeal followed.

## Analysis

The Appellant alleges that his guilty plea was not knowing and voluntary due to the ineffective assistance of counsel. Specifically, he contends that trial counsel was deficient in (1) failing to adequately consult and "advise him of the plea's consequences" and (2) "failing to explore suppression issues surrounding his illegal arrest."

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in the petition. T.C.A. § 40-30-110(f) (2003). To support a Sixth Amendment claim of ineffective assistance of counsel, the Appellant must establish that counsel's performance fell below the range of competence of attorneys demanded in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Id*. at 697, 104 S. Ct. at 2069. With a guilty plea, to satisfy the "prejudice" prong, the Appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

The Appellant's argument of an involuntary guilty plea is premised upon his contention that trial counsel's performance was so deficient that it precluded his ability to enter a knowing plea of guilty to felony possession of seventy pounds or more of marijuana for resale. First, the Appellant asserts that trial counsel was deficient because she failed to adequately consult with him and discuss the consequences of a guilty plea. At the hearing, trial counsel testified that she was appointed to represent the Appellant in May of 2003 and met with the Appellant on at least six occasions. She stated that she explained to the Appellant that had he gone to trial and been found guilty, he would have received a minimum sentence of fifteen years at one hundred percent for the Class A felony possession of seventy pounds or more of marijuana in a school zone; whereas, by pleading guilty and accepting the plea agreement, he would receive a nine-year sentence at thirty percent. The Appellant

admitted that trial counsel advised him that it was his decision whether to plead guilty or go to trial and that he chose to plead guilty. The post-conviction court accredited the testimony of trial counsel and concluded that the Appellant failed to prove that he "was uninformed as to the State's evidence against him, the consequences of the plea, or his options if he did not plead guilty." The record does not preponderate against these findings.

The Appellant next asserts that trial counsel was deficient for not investigating or filing a motion to suppress the evidence seized as a result of the search of his home. The search was conducted by Metro police officers under the authority of a search warrant. The Appellant testified that he discussed with counsel the fact that his wife's signature was forged by the police on a "piece of paper" that was involved in the search. The "piece of paper" was introduced at the hearing and identified as a Department of Safety property seizure form, noting the seizure of one hundred twenty-eight pounds of marijuana from the Appellant's residence and bearing the purported signature of the Appellant's wife, Claudia Villagomez. The Appellant's wife was not called as a witness at the hearing. Trial counsel testified that she reviewed the search warrant but found no defect in the warrant or its execution. Additionally, she stated she examined the document which was the subject of the Appellant's complaint; however, she "couldn't find a way to use [the form] in a suppression motion, in that it was essentially, a receipt."

With regard to this allegation, the Appellant was required to show by clear and convincing evidence (1) that a motion to suppress would have been granted and (2) that there was a reasonable probability that the proceedings would have concluded differently if counsel had performed as suggested. The Appellant has failed to establish either of these factors. Indeed, the proof at the hearing and the post-conviction court's findings convincingly suggest that a motion to suppress would not have prevailed.[2] Clearly, counsel cannot be considered ineffective for failing to make or pursue a motion that would have been meritless. After review, we conclude that the proof does not preponderate against the post-conviction court's finding that the Appellant received the effective assistance of counsel.

## CONCLUSION

Based upon the foregoing, we conclude that the post-conviction court properly denied the Appellant's petition for post-conviction relief. Accordingly, the judgment of the Davidson County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[2] The post-conviction court's findings recite that "[trial counsel] was adequately informed of the circumstances surrounding the search of the Petitioner's home, and her decision to not pursue a suppression motion was an informed, tactical decision not to be second guessed by the Court."